FRANK S. LARABEE V. VAN B. PRATHER, *as Auditor of State.*

1. SCHOOL LANDS—*Sale for Taxes—Rights of Purchaser.* Where school lands on which only a part of the original purchase money has been paid are sold for taxes, the right of redemption from such tax sale is limited to one year from the date of the certificate of sale; and if the original purchaser fails to redeem within said time, the holder of the tax-sale certificate, on payment of the balance due the school fund and compliance with the other provisions of the statute in relation to sales of school lands, is entitled to a patent from the state.

2. PATENT—*Duty of State Auditor.* On the presentation of a certificate of the county clerk, showing that the holder of a tax-sale certificate which had been issued more than one year, and from which sale the original purchaser had failed to redeem, has paid the full amount of purchase money and all interest due for the school lands described in the tax-sale certificate, it is the duty of the auditor of state to certify thereon that he has charged the county treasurer of the county where the land is situated with the full amount of the purchase money mentioned in the original sale certificate, in order to enable the holder of such tax-sale certificate to obtain a patent for the land.

*Original Proceeding in Mandamus.*

THE nature of this action and the material facts are stated in the opinion herein, filed July 8, 1893.

*Rose & Rose,* and *Valentine, Harkness & Godard,* for plaintiff.

*John T. Little,* attorney general, and *Geo. W. Clark,* for defendant.

The opinion of the court was delivered by

ALLEN, J.: This action is brought by Frank S. Larabee, who holds a tax-sale certificate on certain lands in Jewell county, which were originally school lands, to compel the defendant, as auditor, to make the necessary certificates required to enable him to obtain a patent for said lands. The question presented is, whether, after the expiration of one year from the date of the tax sale of school lands, the purchaser

at the tax sale has the right to pay all the remaining install-
ments due the school fund from the original purchaser of the
school lands, and take a patent in his own name from the
state, without any notice having been first served on the
school-land purchaser under ¶ 5782 of the General Statutes
of 1889.

The facts in this case are, that on December 30, 1878, the
school land in question was sold to one R. J. Henry, who
paid one-tenth of the purchase-price, and executed the proper
bond, as required by statute, and received a proper certificate
of purchase. He paid all interest due under his purchase up
to November 25, 1889. Default was made in the payment
of the taxes for 1890, and the land was sold for taxes on Sep-
tember 1, 1891, to J. D. Larabee, who, on August 5, 1892,
assigned the sale certificate to plaintiff. On December 9,
1892, plaintiff paid to the county treasurer of Jewell county,
the full amount of the purchase money, and all interest due
thereon, for said land, and also executed a school-land pur-
chaser's bond, as required by statute; and thereupon the county
clerk of Jewell county issued to him a certificate of purchase,
and also a certificate showing that the full amount of prin-
cipal and interest due on said lands had been paid by said
Larabee. These certificates were presented to the defendant,
as auditor of state, and he was requested to certify thereon
that he had charged the county treasurer of Jewell county with
the full amount of the purchase money mentioned in said cer-
tificate, in order to enable plaintiff to obtain a patent from
the governor. This the defendant refused to do, and this
action is brought to compel him to make such certificate.

In deciding the case, we are called on to construe various
provisions contained in the statutes. Paragraph 5780 of the
General Statutes of 1889 reads:

"No purchaser of school land, prior to his obtaining title
to the same, shall commit any waste upon such land, or take
or remove mineral or timber from the same, other than for
use upon or improvements of said land. The lands pur-
chased under this act shall be subject to taxation, as other

lands; and in case of nonpayment of any taxes charged thereon, the said lands may be sold, as in other cases, but the purchaser at such sale shall be subject to all the conditions of the bond of the original maker, and of the certificate of purchase: *Provided,* That such purchaser of said school land shall be allowed one year from the date of the certificate of sale of such land for such taxes in which to redeem from such tax sale, by complying with the provisions of law relating to the redemption of land from tax sale, and paying to the county treasurer, for the benefit of the holder of such tax certificate, all installments of interest or other payments which such holder of tax certificate has been compelled to pay in order to prevent a forfeiture of the rights of purchaser of school land, under the provisions of § 16 of this act." (Laws of 1876, ch. 122, art. 14, § 14, as amended by Laws of 1879, ch. 161, § 1, March 13.)

Paragraph 6959 reads:

" When school lands are sold for taxes, a deed shall not be given to the purchaser until he shall have paid all the installments and the interest due thereon at the time, and shall have given a bond as required from the purchaser in the first instance; and upon filing with the county clerk such bond, such clerk shall give him a certificate of purchase."

It is contended on behalf of the defendant, that where there has been no default in the payment of principal or interest due the school fund, the holder of a tax-sale certificate is not entitled to a certificate of purchase until such time as he could legally demand a tax deed, and that the only effect of the one-year limitation contained in ¶ 5780 is to allow him, in case default be made in the payment of principal or interest, where the 60 days' notice provided for in ¶ 5782 has been given, to pay to the county treasurer the amount due and in default to the school fund, and after the expiration of the 60-day notice, and of the full year from the date of the tax sale, to obtain a certificate of purchase from the county clerk.

This construction does not seem to us to accord with the language of ¶ 5780 of the statute, and unless the other provisions of the law when construed together extend the right of redemption beyond the year mentioned in this paragraph,

the position of the defendant is untenable. It will be noticed that § 110 of the tax laws prohibits the issuing of a tax deed to school lands until the purchaser shall have paid the balance due the school fund. The reason for this provision is obvious. The state could not consistently authorize a deed to issue under the tax sale where a portion of the purchase price due the state school fund yet remained unpaid; and, as the purchaser is required to pay the balance of purchase money, it is hardly to be presumed that the legislature intended that the tax purchaser should derive his title to the land through a tax deed, and that no patent in such case should ever be issued at all. The tax deed might be made to pass the interest of the original purchaser in the land, but § 110 prohibits even such conveyance until the whole amount due the school fund is paid. If the original purchaser then should refuse to pay any taxes after making his purchase, but should pay 6 per cent. interest on the balance of the purchase money, if the contention of the defendant is correct, he could retain possession of the land for 20 years, and the tax-sale purchaser would be without remedy. The tax-sale purchaser could get no deed, because the balance due the school fund was not paid, and no notice could ever be served on the original purchaser under ¶ 5782, because he was not in default in the payment of principal or interest. Paragraph 5782 was not enacted as a provision for determining the respective rights of the original purchaser and the holder of the tax-sale certificate, but for the purpose of protecting the school fund. The 60-day notice which is required by that section to be served is for the purpose of cutting off the rights of both original and tax-sale purchasers, in case the installments due the school fund are not paid. The section provides not only for service on the original purchaser, but also contains this provision: "And in case such land or any part thereof has been sold for taxes, copy of such notice shall be delivered to such purchaser at tax sale, if a resident of the county." If the installments in default are not paid within 60 days after service of the notice, the rights of the tax-certificate holder, as well as of the original

purchaser, are terminated, and the state then resumes its full title, freed from all claims.

While the language of the law is not as clear and explicit as it might be, we are of the opinion that it was the intention of the legislature to shorten the period within which school-land purchasers might redeem their lands when sold for taxes, and that the tax sale, where the lands remain unredeemed for one year, passes to the holder of the sale certificate all the rights and interest of the original purchaser to the land, and this wholly without reference to any notice under ¶ 5782; that the tax-sale purchaser may then pay to the county treasurer the balance due the school fund from the original purchaser, and obtain a patent for the lands. It follows, therefore, that the plaintiff in this case is entitled to a patent for the lands in controversy, and that it is the duty of the auditor to make the certificate as demanded.

1. School lands— sale for taxes— rights of purchaser.

2. Patent—duty of state auditor.

A peremptory writ will be awarded.

All the Justices concurring.