ALBERT A. RICHARDS v. J. R. GRIFFITH.

No. 10465.

1. SCHOOL LAND PATENT — *issued by Governor, gives prima facie title.* A patent, regular in form, issued by the Governor of the State for 80 acres of school land, conveys a *prima facie* title to the patentee.

2. —————— *burden of proof on party attacking.* In an action brought by a person in possession of school land, under a certificate of purchase, to quiet his title against the holder of a patent to such land, the burden rests on the plaintiff to show the invalidity of the patent; and the facts that the certificate of purchase is prior to the date of the patent, that the plaintiff is in possession of the land, that he has paid all the interest payments required by law, and that the balance of the purchase money is not due, are insufficient to overcome the patent where it appears that the land

Statement of the Case.

has been taxable for a considerable number of years, and no proof is made with reference to the payment of the taxes, or with reference to the transactions between the patentee and the officers authorized to make sales of school lands on which the action of the Governor in issuing the patent was based.

*Error from Court of Appeals, Southern Department.*

REVERSED AND REMANDED.        OPINION FILED JULY 11, 1896.

J. R. GRIFFITH commenced this action in the District Court of Sumner County, alleging in his petition that he was the legal and equitable owner in fee simple and in possession of 80 acres of land therein described; that Albert A. Richards, the defendant, claimed the title thereto, under an instrument purporting to be a patent signed by the Governor of the State of Kansas, but that there was no authority for the issuance of the same; and that, at the date of the pretended patent, the title to the land was not in the State of Kansas or the Governor thereof, and asking that his title be quieted. The defendant answered, denying the title of the plaintiff, alleging title in himself, and demanding judgment for the possession of the property. Plaintiff replied, denying generally the averments of the answer. On the trial it was shown that the land in controversy was granted by the United States to the State of Kansas for school purposes, and was subject to sale in the manner provided by law for the sale of such lands; that, on the 2d day of December, 1879, two certificates were issued to J. T. Richmond, each for 40 acres of the land, for $4 per acre, and reciting the payment of one-tenth of the amount, or $16 on each certificate. These certificates passed by assignment through various hands to Walter Lee Thompson, who, on the 2d of May, 1884, surrendered the old certificates and took out a new one under

the act of March 6, 1883. This certificate recited the sale of the land to Richmond for $320; that $32 had been paid, leaving the sum of $288 unpaid; the assignment of the certificates to Thompson, and that he or his assigns would be entitled to a patent on payment of the balance of the purchase-money with interest as provided in the act. This new certificate was assigned by Thompson to the plaintiff, Griffith, and his partner, Swartzel, and Swartzel afterward assigned his interest to Griffith. The plaintiff was in the possession of a part of the land. There were two railroads crossing it. The evidence tended to show that the interest due on the purchase price had been paid by Griffith and those under whom he claimed. There was no evidence with reference to the payment of taxes. The defendant introduced in evidence a patent issued by the Governor of Kansas, reciting that A. A. Richards had purchased from the County Treasurer of Sumner County, according to the provisions of law, the land in controversy for $320, and had paid the full amount of the purchase money, and granting the land to him. The District Court made findings of fact, and thereupon rendered judgment in favor of the plaintiff, decreeing the full legal and equitable title in his favor and enjoining the defendant from asserting any title thereto. This judgment was affirmed by the Court of Appeals. *Richards v. Griffith*, 1 Kan. App. 518. The defendant alleges error in the judgment of the Court of Appeals, and, the case being one involving the title to land, he brings it to this Court as a matter of right for review.

*James Lawrence*, and *A. A. Richards*, for plaintiff in error.

*C. E. Elliott*, for defendant in error.

ALLEN, J.   While the plaintiff in error assigns a great number of errors in the rulings of the District Court and Court of Appeals, and discusses them at great length in his brief, the questions involved in the case are neither numerous nor complicated. Though there is much discussion as to the validity of the assignments of the sale certificates from Richmond, the original purchaser, to Thompson, who took out the renewal certificate, and from Thompson to the plaintiff, they appear to be sufficient to have passed whatever rights the assignors had in the land to the plaintiff, Griffith.

Richards held a patent issued by the Governor of the State, regular in form, reciting that he had paid the full purchase price of the land.   There

1. Patent is prima facie title. is nothing in this case showing, or tending to show, that the legal title was not in the State of Kansas at the time of the execution of the patent.   Being unquestioned by the State, the patent passed the legal title to the grantee, Richards.   It is not shown, nor is it contended here, that Griffith had paid the full purchase price under his certificate for the land, and the evidence shows that only one-tenth of the purchase-money had been paid by those under whom he claimed.   He himself had never paid any of the principal.   The equitable title, then, to the extent of nine-tenths of the purchase price, still remained in the State at the time the patent was issued, and Richards, having paid the whole amount due the school fund, succeeded to the equitable title of the State.   He, then, at the time this action was tried, held the full legal title and the equitable title, subject only to whatever rights Griffith had under his certificate of purchase.   That a patent for public land is

*prima facie* valid and implies the existence of every fact essential to its validity is well settled. *Colorado Coal Co. v. United States*, 123 U. S. 307; *Leviston v. Ryan*, 75 Cal. 293; *Carman v. Johnson*, 20 Mo. 108; *Jackson v. Marsh*, 6 Cowen, 281; *The People v. Mauran*, 5 Denio, 389; *Bradley v. Parker*, 20 Kan. 462; *Burnham v. Starkey*, 41 id. 604.

Conceding that the plaintiff, being in possession of a part at least of this land, may maintain an action under section 594 of the Code of Civil Procedure for the purpose of determining the interest of any person claiming adversely to him, it was incumbent on him to show that the patent issued to Richards was invalid. It did not devolve on Richards to bolster up his patent by showing a state of facts authorizing the Governor to issue it. The plaintiff rested his case on the sale certificate issued long prior to the patent, with proof of his possession under it, and the payment of the installments of interest as they fell due. None of the proof offered was necessarily inconsistent with the right of the Governor to issue a perfectly valid patent. There was no proof whatever with reference to the payment of taxes. If the taxes were not in fact paid, and if Richards in fact held a tax-sale certificate for the requisite time, and paid the balance of the purchase money, he was entitled to a patent which would absolutely cut off all interest of the plaintiff in the land. *Larabee v. Prather*, 51 Kan. 743. Other states of fact may also be imagined which would authorize the issuance of a patent to Richards. The case seems to have been tried on the erroneous theory that the burden rested on the defendant to prove the validity of his patent, and that the mere fact of possession under the prior sale certificate, with proof that the interest

2. Burden of proof.

had been paid, was sufficient to show the invalidity of the patent.   This cannot be, for every fact shown by the defendant may exist without being in the slightest degree inconsistent with the validity of the patent.   Indeed, it may be that the right to issue the patent at all depended on the fact that there was an outstanding sale certificate, rendering the lands taxable or in some other manner furnishing a basis for the action of the Governor in executing the patent. Under the evidence in the case the defendant appears to have not only the legal but also the full equitable title.   If, however, it can be shown that the plaintiff's rights under the certificate of purchase have not been forfeited, and that the patent was wrongfully issued, then Richards would be a trustee of the legal title, and. might be required to convey it, on payment to him of the balance of the purchase money due under the plaintiff's contract—if it shall appear that Richards, having paid it into the county treasury, is equitably entitled to have it returned to him.

The plaintiff in error very earnestly insists that this court shall direct judgment to be entered in his favor on the facts found by the trial court and the undisputed evidence in the case.   This we should feel bound to do were it not evident to us that the case was tried on a wrong theory with reference to the burden of proof and the presumptions arising from the execution of the patent.   That it was so tried is apparent from the remarks of the Judge incorporated in the record.   While under section 559 of the Code of Civil Procedure, where the facts are found by the trial court, this Court is authorized to direct the entry of the proper judgment, yet, where it appears that there has not been a full and fair trial of the issues of fact, and that, owing to the adoption of an errone-

ous theory by the trial court with reference to the burden of proof, the facts have not been fully developed, it is sometimes necessary, in furtherance of justice, to direct a new trial rather than to enter judgment on what is, evidently, but a partial statement of the case. *Ritchie v. K. N. & D. Rly. Co.*, 55 Kan. 36.

The judgment will be reversed, and the case remanded with direction to grant a new trial.

All the Justices concurring.