No. 35,057

H. Pessemier, *Appellant*, v. Charles P. Nichols, *Appellee*.

(109 P. 2d 205)

Opinion filed January 25, 1941

D. M. Sparks, of St. Marys, for the appellant.

C. E. Carroll, of Alma, and A. E. Carroll, of Wamego, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This was an action in ejectment. Judgment was for defendant. Plaintiff appeals.

Our statute G. S. 1935, 72-2128, provides:

"All land lying and being in and forming a part of the abandoned bed of any navigable stream in this state and lying between the meandered lines of such stream, as the same are shown by the United States survey thereof, except such lands as are claimed and occupied by and belong to the adjacent landowners as accretions, shall be surveyed and sold as hereinafter directed and the proceeds of said sales credited to the permanent school fund."

Under section 72-2130 a duty is imposed on the auditor of state to cause such lands to be surveyed by the county surveyor of the county in which the land is situated, and the section outlines the procedure to be followed. Section 72-2131 provides a right of appeal by any person claiming an interest in the land who is dissatisfied with the survey, and directs, in case no appeal is taken, that the land be sold. Subsequent sections (72-2138, 72-2140, 72-2145) specify the procedure to be followed in making the sale, and the issuance of a patent to the purchaser.

On May 14, 1917, the county engineer of Wabaunsee county, pursuant to the order of the state auditor, made a survey of the abandoned bed of the Kansas river in that county. Under the survey the land was divided into lots designated as F to M, inclusive, and a plat of the survey was duly filed as required by the statute. The land in dispute is a part of lot K in that survey. Lot K contains about fifteen acres; the part in this controversy contains about nine acres. No appeal was taken from the survey so made.

In April, 1926, the plaintiff, at the public auction held by the county treasurer of Wabaunsee county, purchased lot K and other lands in the above survey, and in June, 1926, received a patent for the land purchased. The patent was recorded in the office of the register of deeds of Wabaunsee county on June 12, 1926.' (The patent shows plaintiff purchased five tracts in the survey, containing in all 55.16 acres, for which he paid the sum of $8,001.75.)

At the same time the above survey was made in Wabaunsee county the county engineer of Pottawatomie county, as directed by the state auditor, made a survey of the abandoned river bed lying in that county. The land so surveyed was divided into tracts

designated as lots A to F, inclusive. No appeal was taken from that survey. In May, 1926, a patent was issued to one Herman C. Hupe to lot C in the Pottawatomie county survey and was duly recorded in that county. In 1929 the patentee Hupe conveyed lot C to the defendant Nichols.

Lot C in the Pottawatomie county survey adjoins lot K in the Wabaunsee county survey on the east. Lot C contains 16.35 acres.

On May 17, 1938, a survey was called, and the county engineers of Wabaunsee and Pottawatomie counties proceeded to survey the river bed to establish the county line between lots K and C. No appeal was filed from this survey. A study of the plat of this survey discloses that the county line so established splits lot K, and leaves the nine acres here in dispute in Pottawatomie county.

On October 1, 1938, a patent from the state of Kansas to that part of lot K here in dispute was issued and delivered to the defendant Nichols. This patent was duly recorded in Pottawatomie county.

The patent under which plaintiff claims title has not been recorded in Pottawatomie county. The plaintiff was in possession of the land in question from April, 1926, until May, 1938, when defendant took possession and built a fence along the west line.

It is agreed that under all the surveys mentioned the land in dispute lies between the meander lines of the government survey of 1862.

The case was tried upon an agreed statement of facts, an outline of which is set forth above.

The patent under which plaintiff claims, dated June 8, 1926, recites:

"Whereas, H. Pessemier purchased from the county treasurer of Wabaunsee county, Kansas, according to the provisions of the act of the legislature of the state of Kansas, approved February 22d, 1864, entitled 'An act to provide for the sale of school lands,' and acts amendatory thereof, Tracts 'G', 'H', 'J', 'K' and 'L', being part of the abandoned river bed of the Kaw river in sections ten (10) and fifteen (15) in township ten (10), south of the base line and of range eleven (11), east of the sixth principal meridian, Wabaunsee county, Kansas, said tracts containing in all fifty-five and sixteen one-hundredths (55.16) acres, more or less, being in accordance with the plat and field notes of the survey made on May 14th and 15th, 1917, by Paul A. Stuewe, county surveyor of Wabaunsee county, and J. F. Odle, county surveyor of Pottawatomie county. A certified copy of said plat and field notes is filed in the state land office at Topeka, said tracts being sold for eight thousand one and 75/100 ($8001.75) dollars, which said tract has been purchased by the said H. Pessemier and he

has paid therefor the full amount of the purchase-money and interest, as appears from the certificate of the county clerk of Wabaunsee county, Kansas, deposited in the state land office."

Under and by virtue of this instrument plaintiff took possession of the land and occupied the same as owner until ousted by the defendant some twelve years later. As shown by the admitted statement of facts, the land in question was a part of the abandoned bed of the river and was "between the meandered lines of such stream," and under section 72-2128 was subject to sale by the state. It is also conceded that the state auditor, as directed by section 72-2130, called upon the county surveyors of Wabaunsee and Pottawatomie counties to survey the lands; that notice was given to all parties interested as provided by statute; that the land was appraised; that it was offered for sale at public auction; that the land in question, with other land, was bid in by the plaintiff; that the amount of the bid was paid, and that the state in due course issued and delivered to the plaintiff a patent to the lands so purchased.

On the face of these proceedings, the plaintiff became vested with a fee-simple title to such lands. As the patent, being regular in form and duly issued by the state, conveyed a prima facie title to the patentee, the burden was on the defendant to show the invalidity of the patent to plaintiff. (*Richards v. Griffith,* 57 Kan. 234, 45 Pac. 600.)

By what process of law was the title of plaintiff divested and transferred to the defendant? The patent under which defendant claims, contains the following statement:

"This patent is given according to the permanent survey made in May, 1938, by William H. Auchard of Manhattan, Kansas, and according to the original survey made in 1862, and corrects patent given May 14, 1926, to Herman C. Hupe covering tract 'C' in the northeast quarter and southwest quarter of section ten (10) and recorded in the patent record in the auditor of state office in volume A, page 57, and given according to survey of May 14-16, 1917, by J. F. Odle, county surveyor of Pottawatomie county, as this survey was shown to be illegal according to supreme court decision given in K. 121, page 511. Patent now canceled was recorded in register of deeds office, Pottawatomie county, July 7, 1926, in book 76, page 358. This patent is given to correct the description of the land patented according to the 1917 survey."

In the case of *Pessemier v. Hupe,* 121 Kan. 511, 247 Pac. 435, referred to in the above patent, it was held, as stated in the syllabus:

"Our statute, R. S. 72-2128, does not authorize the state to sell land which is not in the abandoned bed of a navigable stream, between the meandered lines of such stream as shown by the United States survey thereof."

The statement in the patent that under the decision of the supreme court in the above-cited case, the entire survey of 1917 was found to be illegal is erroneous. No such ruling was made. We said then, and we say now, that section 72-2128 does not authorize the state to sell land "not in the abandoned bed of a navigable stream, between the meandered lines of such stream as shown by the United States survey thereof." In the case before us it is admitted that the land in question is in the abandoned bed of the river, and that it is between the meandered lines. That decision did not purport to affect the survey as to lands within the meandered lines.

The defendant argues that the survey of May 17, 1938, established the boundary line between Wabaunsee and Pottawatomie counties; that such survey left the nine acres in Pottawatomie county, and therefore the proceedings in Wabaunsee county upon which the patent to plaintiff is based were void *ab initio*.

While, for reasons hereinafter stated, we find it unnecessary to determine the validity of the survey of May 17, 1938, the following observations seem pertinent. Under G. S. 1935, 18-175, 18-199 and 18-201, the middle of the main channel of the Kansas river is declared to be the boundary line between Wabaunsee and Pottawatomie counties. Section 18-201 and subsequent sections set forth the procedure to be followed where a change in the boundary line of a county is proposed. While not mentioned in the briefs we assume the survey of May 17, 1938, was based on G. S. 1935, 19-1428. While the boundary line indicated in the survey of May 17, 1938, may be the true boundary line, we cannot ignore the statutes above cited, and merely suggest that there is nothing in this record to justify an inference that the boundary line fixed by the statute has been changed.

If, however, we assume that by the survey of May 17, 1938, the nine acres in question was correctly found to be in Pottawatomie county, how does the defendant acquire title thereto? No claim is made that it was embraced in the proceedings of May 14, 1917, in Pottawatomie county. If it was not affected by the proceedings in either county, obviously the state has not parted with title thereto and it is now subject to survey and sale under G. S. 1935, 72-2128.

Defendant contends that he acquired title under the patent issued to him by the state on October 1, 1938. The defendant has neglected to point to any statute which authorizes any state official to donate any part of the state lands to a contiguous landowner.

Moreover, defendant's patent appears to be nothing more than an instrument given to correct the patent of May 14, 1926, to Herman C. Hupe, covering lot C. Under our state G. S. 1935, 75-2814, where a patent is "defective in form or in manner of execution" the defective patent may be canceled and a patent in proper form may be issued in lieu thereof. Under the mask of a mere instrument of correction, where is the authority to include land not in the original patent? It is clear the statute confers no such authority and the inclusion of the nine acres here in controversy invested the defendant with no title thereto. This conclusion makes it unnecessary to determine the effect of the survey of May 17, 1938, which purported to establish the county line between lots K and C. As the defendant acquired no title to any part of lot K under the correction patent, he is in no position to question the title of the plaintiff.

The judgment is reversed and the cause remanded with instructions to enter judgment for the plaintiff.