*2. Evidence tends to prove ratification.*

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.

---

## I. D. Fox v. H. C. Cross.

TAX SALE —*Notice*—*Publication*—*Printer's Fee*—*Void Sale.* One of the provisions of the tax law is, that the printer who publishes the notice of sale of real estate for delinquent taxes shall, immediately after the last publication thereof, transmit to the county treasurer an affidavit of such publication; and that no printer shall be paid for the publication who fails to transmit such affidavit within fourteen days after the last publication is made; and where the proof of publication is not transmitted within the prescribed time, the fee for such publication is not a county liability, nor does it become a charge against the real estate; and to include such illegal charge in the amount for which the property is sold, will vitiate the tax sale.

*Error from Lyon District Court.*

THIS was an action of ejectment, brought by *H. C. Cross* against *I. D. Fox,* in the district court of Lyon county, to recover the possession of lot Nó. 54, on Congress street, in the city of Emporia.

' The petition was filed on September 9, 1885, and was in the usual form for ejectment, and contained the usual allegations; while the answer was filed on October 5, of the same year, and was a general denial, except that the possession of the defendant was admitted. The first trial occurred October 6, 1885, and resulted in a judgment for the defendant, which judgment was, on the demand of the plaintiff, set aside, and the second trial granted. A final trial was had at the June term, 1886, by the court without a jury, and the following findings of fact and of law were made:

### "FINDINGS OF FACT.

" 1. The plaintiff is the owner of the original or patent title to lot No. 54, Congress street, in the city of Emporia, in Lyon county, Kansas, his title being derived from the United States by a perfect chain of conveyances.

" 2. The defendant claims title to said lot under a tax deed issued by the clerk of Lyon county to E. Borton, which said tax deed was duly filed for record in the office of the register of deeds of Lyon county, Kansas, on the 10th day of September, 1880, and recorded in book 11, of deeds, at page 406. A true copy of said tax deed, with certificate of acknowledgment, is hereto annexed and made a part of this statement of facts found, and marked 'Exhibit A.' The chain of conveyances from said E. Borton to the defendant is good and sufficient for the purpose of conveying to the defendant whatever title, if any, said Borton obtained by virtue of said tax deed.

" 3. There has been no actual possession of said lot, but the same has been at all times, and still is, vacant and unoccupied.

"4. The assessor of said city of Emporia, when making his return to the county clerk of said Lyon county, of the value of the real estate of said city for taxation for the year 1876, did not subscribe and attach to his said return the oath required by § 51 of the tax law of 1876, or any oath whatever, and there

was no proof that any oath whatever was made by him concerning it.

"5. The *Emporia News* was during the whole of the year 1876, a newspaper published and of general circulation in said county of Lyon; and was from and after January 11, in said year, to the end thereof, the official newspaper of said county.

"6. The board of county commissioners of said Lyon county met as a board of equalization at Emporia, the county seat of said county, on the first Monday of June, in said year 1876. The notice of said meeting was published May 12, May 19, and May 26, in said year, in said *Emporia News*, and not otherwise.

"7. The taxes levied by the board of county commissioners of said Lyon county for the year 1876 are as follows, viz.: For state and state school fund, $5\frac{1}{2}$ mills on the dollar; for county general fund, 4 mills on the dollar; for railroad bond fund, 8 mills on the dollar. The total levy made by the legislature of this state in the year 1876 for state purposes, was $4\frac{1}{2}$ mills on the dollar.

"8. The county treasurer of said Lyon county, after receiving the tax-roll of said county for the year 1876, caused the notice required by § 88 of the tax law of 1876 to be published in said *Emporia News* November 3 and November 17 in said year, and not otherwise.

"9. The delinquent tax list for the year 1877, so far as regards the lot in controversy, with the accompanying notice, is in words and figures following, viz.:

"'DELINQUENT TAX LIST.—Notice is hereby given, that so much of each tract of land or town lot described in the following list, and situated in Lyon county, Kansas, as may be necessary for that purpose, will, on the 1st Tuesday and 4th day of September, 1877, (and each succeeding day until all is sold,) be sold by me at public auction at my office in the city of Emporia, in said county of Lyon, for the taxes and charges thereon. JOSEPH ERNST, *County Treasurer.*

Emporia city, Congress street, lot 54.'

"The affidavit of the publication of said delinquent tax list and notice is attached to a printed copy of said list and notice, and is in words and figures following, viz.:

"'J. R. Graham, being duly sworn, says that he is one of the proprietors of the *Emporia News*, a weekly newspaper printed and published in the city of Emporia, Lyon county, state of Kansas, and that an advertisement of the delinquent tax list, of which the annexed is a copy, was published in said paper for four consecutive weeks, to wit: August 10, August 17, August 24, and August 31, 1877. J. R. GRAHAM.

Sworn and subscribed before me, this 22d day of September, 1887.
E. W. CUNNINGHAM, *Probate Judge.*

[Seal of probate court of Lyon county, Kansas.]'

"There is no venue to said affidavit. The affidavit of publication was not transmitted to the county treasurer of Lyon county before the 22d day of September, 1887. As a matter of fact, said delinquent tax list and notice were published in said newspaper four consecutive weeks, to wit: on August 10, August 17, August 24, and August 31. The county treasurer's affidavit of the posting of the delinquent tax list and notice, and of causing the same to be published, is attached to the same printed copy of said list and notice to which said affidavit of publication is attached, and is in words and figures following, viz.:

"STATE OF KANSAS, LYON COUNTY, ss.—Joseph Ernst, being duly sworn, deposes and says that he is county treasurer of said county, and has been such treasurer for the past three years; that more than four weeks prior to the 4th day of September, 1877, he posted in a conspicuous place in his office the notice and list hereto attached, and such notice and list remained so posted continuously until after said September 4, 1877; that he caused said notice and list to be published in the *Emporia News*, as sworn to by J. R. Graham.          JOSEPH ERNST.

Subscribed and sworn to before me this 29th day of November, 1877. [Seal of Lyon county.]          J. C. CRAIG, *County Clerk.*

"The printed copy of said delinquent tax list and notice, with said affidavits of J. R. Graham and Joseph Ernst attached, was filed in the office of the clerk of Lyon county, October 2, 1877. The lot in controversy was assessed for taxation for the year 1876 at $25, and was sold September 4, 1877, for the sum of $1.37, made up of the following items:

| | |
|---|---:|
| School-district tax | $0 27 |
| County, state and bond tax | 44 |
| City tax | 31 |
| Total tax | $1 02 |
| December penalty | 05 |
| March penalty | 05 |
| June penalty | 05 |
| Advertising | 10 |
| Total | $1 27 |
| Treasurer's fees for certificate of sale | 10 |
| | $1 37 |

"The final redemption notice for the year 1880, and the list of unredeemed lands and town lots accompanying the same, so far as the same has reference to the lot in controversy, are in words and figures following, viz.:

"'FINAL TAX NOTICE.—Public notice is hereby given, that the following-described tracts of land and town lots, situated in Lyon county, Kansas, which were sold on the 4th day of September, 1877, for the de-

23 — 39 KAS.

linquent taxes thereon, will be conveyed to the respective purchasers thereof at said tax sale, unless redeemed from such sale on or before September 4, 1880. The amount of taxes, charges and interest on each parcel of said land and town lot, calculated to the 4th day of September, 1880, is set opposite each description of said tracts of land or town lot, as follows:

EMPORIA CITY.

| To whom assessed. | Street. | Lot. | Am't. |
| --- | --- | --- | --- |
| —— —— | Congress | 54 | $9 25 |

D. W. EASTMAN,
*Treasurer of Lyon County, Kansas.*

EMPORIA, KANSAS, April 2, 1880.'

"Said list nowhere shows or states on what day or days any of the lands or town lots specified therein were sold for delinquent taxes. That the taxes, interest and costs the defendant is entitled to recover, in case the tax deed is finally determined to be invalid, is the sum of $45.43."

"CONCLUSION OF LAW.

"Plaintiff ought to recover the premises upon payment to the defendant of the sum of $45.43."

The defendant *Fox* in due time filed a motion for judgment in his favor upon the findings of fact, notwithstanding the conclusion of law announced by the court; and this motion having been overruled, and judgment given for Cross, Fox brings the case to this court for review.

*C. N. Sterry,* for plaintiff in error.

*Gillett, Fowler & Sadler,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: One of the objections taken to the tax deed under which the plaintiff in error claims, and probably the most serious one, is that the lot attempted to be conveyed was sold for that which was not a tax or charge against it. There was included in the amount for which the lot was sold a charge of ten cents for publishing the delinquent tax list and notice of sale, and it is claimed that this was in excess of the amount due upon the lot at the time it was sold. The last publication of the delinquent tax list and notice was made on the 31st day of August, 1877, but the affidavit of publication was not sworn to or transmitted to the county treasurer until the 22d day of September, 1877, twenty-two days after the

last publication was made, and eighteen days subsequent to the sale.    The statute provides that—

"Every printer who shall publish such list and notice shall, *immediately after the publication thereof,* transmit to the treasurer of the proper county an affidavit of such publication, made by such person to whom the fact of publication shall be known; *and no printer shall be paid for such publication who shall fail to transmit such affidavit within fourteen days after the last publication.*"    (Tax Law, § 108.)

Under this provision no liability arose against the county for publishing the notice of sale.    It is not enough that the publication be made; but a prerequisite of the printer's right of compensation and the liability of the county for the publication fee is that the affidavit shall be made and transmitted to the county treasurer within two weeks after the last publication.    The law specially enjoins that the printer do this immediately; and the fee is not duly and legally earned unless the required proof of publication is made and transmitted within the time limited by statute.    If the fee for advertising is not a liability against the county, it cannot become a charge or lien against the land; and to purposely include an illegal charge in the amount for which the land was sold, as was done here, vitiates the sale and deed.

No statute of limitations has been invoked in this case, and within the principles announced in *Genthner v. Lewis,* 24 Kas. 309, we must sustain this objection to Fox's tax title.

It is suggested that § 108 of the tax law is an amendment of the act fixing the fees and salaries of certain officers and persons, and is therefore violative of § 16, article 2, of the constitution; but this position cannot be maintained.    ( *The State, ex rel., v. Cross,* 38 Kas. 696; 17 Pac. Rep. 190.)

It is unnecessary to examine the other questions raised, as the objection already considered is fatal to the tax title, and precludes a recovery under it.

The judgment of the district court will be affirmed.

All the Justices concurring.