ASENATH U. BLANCHARD *et al.* v. W. R. HATCHER.

TAX SALE — *Notice — Publication — Printer's Fee — Void Sale.* If the printer who publishes the notice of sale of real estate for delinquent taxes fails for fourteen days after the date of the last publication to transmit to the county treasurer an affidavit of such publication, his fee therefor does not become a charge against the county, nor against the real estate, and to include it in the amount for which the property is sold will vitiate the tax sale. (*Fox v. Cross*, 39 Kas. 350, cited, and approved.)

*Error from Lyon District Court.*

EJECTMENT, by *Blanchard* and others against *Hatcher.* Judgment for defendant, at the May term, 1887. The plaintiffs bring the case here. The opinion states the facts.

*Gillett & Sadler*, for plaintiffs in error.

*Buck & Feighan*, for defendant in error.

Opinion by SIMPSON, C.: This is an action in ejectment by the heirs of the original owner against the grantee of the tax

purchaser, to recover the possession of real property sold for the non-payment of taxes.  The case was submitted to the court for final trial at the May term, 1887.  The following special findings of fact were made:

"1.  On the 24th day of January, 1875, Mason Blanchard died intestate, seized in fee simple of the land in controversy in this action, to wit, the east half of the southwest quarter and the southwest quarter of the southwest quarter of section 29, township 15, range 12, in Lyon county, Kansas, and leaving the plaintiffs in this suit as his only heirs; and unless their title to said land as such heirs has been cut off by reason of the facts hereinafter stated, said plaintiffs are now the owners of said land.

"2.  On the 6th day of September, 1876, said land was sold for the taxes of 1875, and on the 7th day of September, 1881, a tax deed of the same was executed by the clerk of Lyon county to John A. Moore, pursuant to said sale, which deed was filed for record on the 8th day of September, 1881; and whatever title to said land was conveyed to said Moore by said tax deed is now vested in the defendant."

"8.  On the 11th day of January, 1876, the board of county commissioners of Lyon county made a contract with the publisher of the Emporia *News*, a weekly newspaper published in said county, which was entered in their journal in the form of an order of that date, as follows: 'On motion, the board ordered that the legal advertising of the county be done in the Emporia *News*, provided that the proceedings of the commissioners be published gratuitously.'

"9.  In pursuance of this order, said newspaper did all the legal advertising for the county.  Under the head of 'The Proceedings of the Board of County Commissioners' there was matter published, which was by law required to be published, and which, at full legal rates, would have cost the sum of $230.  This amount the commissioners refused to pay, for the reason that it was, by the terms of said above order, to be done gratuitously.  The publisher of said paper disputed this construction of said order and demanded payment, but has never taken any legal steps to enforce payment, and no payment therefor has ever been made.  All the other printing done by said paper was paid for at full legal rates, and amounted to about $600.  Among the printing paid for at full legal rates was the delinquent tax list; and the full legal fee therefor, as to the tract of land in question, was included in the amount

charged up against said land and for which it was sold at said tax sale.

"10. No affidavit of the publication of the delinquent tax list and the accompanying notice for said Lyon county for the year 1876 was transmitted to the treasurer of said county immediately after the last publication thereof, nor within fourteen days after said last publication; but such an affidavit was filed in the office of the county clerk of said county on the 3d day of October, 1876."

The conclusion of law was that the defendant in error ought to recover costs. The plaintiffs in error made a motion for judgment on the findings of fact, which was overruled and excepted to.

We think the plaintiffs in error are entitled to judgment on the special findings. There is a finding that no affidavit of the publication of the delinquent tax list and the accompanying notice for the year 1876 was transmitted to the treasurer of the county immediately after the last publication thereof, nor within fourteen days after said publication, and this renders the deed void. (*Fox v. Cross*, 39 Kas. 350; same case, 18 Pac. Rep. 300.) The other questions discussed will not now be determined.

It is recommended that the case be remanded to the district court, with instructions to render a judgment for the plaintiffs in error, on the findings, and for further proceedings in the adjustment of the lien of the defendant in error, under the tax laws and occupying-claimant act.

By the Court: It is so ordered.

All the Justices concurring.