MORIARTY & WALLER v. THE BOARD OF COMMISSIONERS OF MORRIS COUNTY.

PRINTING TAX LIST—*County, When not Liable.* Printers who publish a delinquent tax list, and fail to make and transmit to the county treasurer the affidavit required by § 108, chapter 107, General Statutes of 1889, cannot recover pay for such publication from the county.

*Error from Morris District Court.*

ACTION by *Moriarty & Waller* against the *Board of County Commissioners* of Morris county to recover for printing done for defendant. At the April term, 1890, there was judgment for defendant, and plaintiffs bring error.

*Maloy & Kelley*, for plaintiffs in error.

*J. K. Owens*, county attorney, for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: The plaintiffs in error presented the board of county commissioners of Morris county a bill of $396.90 for printing a delinquent tax list for the year 1889. The board disallowed the claim, because the printer's affidavit had not been filed within 14 days after the last publication of the list. Plaintiffs appealed to the district court, where judgment was entered against them. Section 108, chapter 107, General Statutes of 1889, provides:

"Every printer who shall publish such list and notice shall, immediately after the last publication thereof, transmit to the treasurer of the proper county an affidavit of such publication, made by such person, to whom the fact of publication shall be known; and no printer shall be paid for such publication who shall fail to transmit such affidavit within 14 days after the last publication."

It is conceded that the plaintiffs failed to file the affidavit required by the statute within 14 days after the last publication. The validity and effect of this requirement of the law have been passed upon and upheld by this court. (*Fox v. Cross*, 39 Kas. 350; *Blanchard v. Hatcher*, 40 id. 350.)

There is no force in the contention that this section of the statute gives the board of county commissioners power to enforce a penalty, and is unconstitutional for that reason. It merely provides that printers shall not be paid out of the public funds unless they comply with the law. It is only by virtue of the provisions of the law that they obtain any claim on public funds, and the legislature has seen fit to provide that they must comply with all its provisions in order to be entitled to pay. Plaintiffs would invoke the taxing power for their benefit, yet because of their neglect, within the decisions above cited, the collection of taxes for their benefit is prevented.

The judgment is affirmed.

All the Justices concurring.