A. D. WALKER *et al.* v. JOHN C. DOUGLASS *et al.*
No. 70.

TAX DEED — *Validity.* A tax deed is not invalid from the mere fact that a part of the taxes for which the land was sold was a tax levied for the preceding year, but not extended upon the tax-rolls for that year, if such tax was otherwise a legal charge upon the land.

MEMORANDUM.— Error from Jackson district court; ROBERT CROZIER, judge. Action of ejectment by A. D. Walker and James H. Lowell against John C. and Hattie R. Douglass. Judgment for defendants. Plaintiffs bring the case to this court. Reversed. The opinion herein was filed February 14, 1896.

The statement of the case, as made by GILKESON, P. J., is as follows :

The plaintiffs in error (plaintiffs below) brought this action, claiming title to the real estate in controversy under and by virtue of two tax deeds.    The first is based upon the sale of said land for delinquent taxes of the year 1885, which is in statutory form, and recorded on September 10, 1889 ; and the second upon the sale of the same land for delinquent taxes for the year 1886, which is in statutory form, and includes the taxes of 1887 and 1888, and recorded on March 4, 1891.

Plaintiffs in their petition, in addition to their claim of ownership, aver that defendants have been wrongfully receiving all the rents, issues and profits of the land since September 9, 1889, which the plaintiffs, as the absolute owners, were entitled to, and that they were of the value of $300.    Defendants answered by general denial.    Trial had before the court upon the issues thus joined.    Special findings of fact and conclusions of law returned by the court.    Judgment rendered thereon, declaring the deeds void, and assessing costs against the plaintiffs.

*Hayden & Hayden*, and *James H. Lowell*, for plaintiffs in error.

*John C. Douglass*, for defendants in error.

The opinion of the court was delivered by

GILKESON, P. J. : This cause comes here upon error in the findings of fact, conclusions of law, and judgment.    The court found that each of the tax deeds was invalid :    (1) That the tax deed issued upon the sale for the taxes of 1885 is invalid because there was

included in such taxes a township road tax levied in 1884, under the eighth subdivision of section 22, chapter 110, Compiled Laws of 1879, and carried over to and added to the taxes of 1885, such road tax being illegal because the said subdivision of section 22 was unconstitutional. (2) That the tax deed issued upon the sale for the taxes of 1885 is invalid because a township road tax levied in 1885 was not collected as other taxes levied for that year, but was carried over to 1886, and constituted a part of ·the taxes for which the land was sold in the latter year. No other reasons are assigned.

As to the first tax deed, we think the decision of the court is correct. It is conceded by defendants in error that section 22, chapter 110, Compiled Laws of 1879, was declared unconstitutional by the supreme court of this state in *M. & M. Rly. Co. v. Champlin*, 37 Kan. 682; but they contend that the assumption of the court in its findings of fact that these taxes were levied upon that law was erroneous, and is not warranted by the findings of fact. The testimony is not preserved in the record, and the findings of the court upon this proposition are conclusive upon us. We shall treat it, then, as a fact that these taxes were so levied.

An unconstitutional act is not a law. It confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed. As to the second tax deed, the court held it was invalid for the reason that a township road tax levied in 1885 was not collected as other taxes levied for that year, but was carried over to 1886, and constituted a part of the taxes for which the land was sold in the latter year. At the time this tax was levied there was in

force the laws of 1885 and 1874. Conceding this to be true, we think that the carrying over of the taxes to the following year would be but a mere irregularity, without prejudice to the taxpayer.

There is no contention, nor does the court find in this case, that the land in controversy was not subject to taxation or that the taxes were illegally levied for the year 1885. The law in force at the time this tax was levied (section 85, chapter 34, Laws of 1876) is as follows :

"All taxes shall be due on the 1st day of November of each year. A lien for all taxes shall attach to the real property subject to the same on the 1st day of November in the year in which said tax is levied, and such lien shall continue until such taxes, penalty, charges and interest which may have accrued thereon shall be paid by the owner of the property or other person liable to pay the same."

We think that the language of this section is perfectly plain. "A lien for all taxes shall attach to the real property subject to the same on the 1st day of November"; that is, when a tax is levied, and the 1st day of November has arrived, it then becomes a lien, and continues so to be until paid. The defendants in error do not attempt to show that for 1885 they had paid all of the taxes except this, but, on the contrary, the record shows that none of the taxes upon the real estate in controversy was paid for that year, or for two years subsequent thereto. And section 54 of the act of 1876 makes it the duty of all county clerks to cause all lands in their respective counties that for any reason have escaped taxation for any former year or years, when the same were liable for taxation, to place the same upon the tax-roll, and charge up or carry out the assessment against said lands. And section 55 provides that the taxes charged

up under the provisions of section 54 shall be collected in the same manner as other taxes levied upon said real estate.

This case might stand quite different if the owners, or if the defendants in error, they claiming to be the owners, had paid, or offered to pay the taxes for 1885, or if they had paid all of the taxes for 1885, and this had been omitted from the roll of that year, or if it had changed ownership other than by will, inheritance, or gift. But these conditions do not exist. The law is very careful to prevent the escape from taxation of any person. All must bear their fair share of the public burden, and no one should be permitted to escape taxation merely because of some irregularity in the assessment or elsewhere. And we do not think that the party who has contributed to the public revenue should be deprived of the benefits that he has derived by a mere irregularity, and particularly where the purchase price paid is for a removal of a lien created by express terms of the statute. The most that can be said of this transaction would be that it is a mere irregularity, and that no one has been prejudiced thereby. The man who fails to pay his taxes is not complying with the duties imposed upon him by law, and cannot be said to be without blame. We think, therefore, that the court erred in its second conclusion of law, as to the tax deed issued upon the sale for delinquent taxes of 1886.

The judgment in this case will therefore be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Judges concurring.