Douglass v. Walker.

JOHN C. DOUGLASS *et al.* v. A. D. WALKER *et al.*

No. 10598.

1. GENERAL CONCLUSION OF LAW — *supported by findings, not controlled by independent specific conclusions.* Where a case comes before a reviewing court on conclusions of fact and of law only, a conclusion of law properly deducible from conclusions of fact, although general in its nature, ought to be regarded notwithstanding there are other independent conclusions of law more specific in character.

2. TAX DEED — *voidable if printer's fee included when affidavit not transmitted within 14 days after last publication.* A tax deed including a fee for printing the sale notice is voidable if the printer's affidavit of publication was not transmitted to the county treasurer within 14 days after the last publication, although it was transmitted to and filed in the office of the county clerk within that time.

*Error from Court of Appeals, Northern Department.*

REVERSED AND REMANDED.      OPINION FILED OCTOBER 10, 1896.

*John C. Douglass,* for plaintiffs in error.

*James H. Lowell,* and *Hayden & Hayden,* for defendants in error.

MARTIN, C. J.   This case originated in the District Court of Jackson County.   It was ejectment brought by A. D. Walker and James H. Lowell against John C. Douglass and Hattie R. Douglass to recover an 80-acre tract of land and damages for its use and occupation.. The plaintiffs below relied on two tax deeds covering the same tract — the first being based on the taxes for 1885, and the second on the taxes for 1886, 1887 and 1888.   The Court made conclusions of fact and of law, but the evidence is not preserved in the record. The conclusions of law were as follows :

" 1.   The tax deed issued upon the sale for the taxes of 1885 is invalid, because there was included in such

taxes a township road tax levied in 1884, under the 8th subdivision of section 22, chapter 110, Compiled Laws of 1879 and carried over to and added to the taxes of 1885, such road tax being illegal because the said subdivision of section 22 was unconstitutional.

"2. The tax deed issued upon the sale for the taxes of 1886 is invalid because a township road tax, levied in 1885, was not collected as other taxes levied for that year, but was carried over to 1886 and constituted a part of the taxes for which the land was sold in the latter year.

"3. There should be a judgment for the defendants that they are the owners of the lands and for costs."

Judgment was rendered accordingly in favor of the defendants below. The Court of Appeals sustained the view of the court below as to the first tax deed, but reversed the judgment as to the second; holding that the reason stated in the second conclusion of law was insufficient to avoid it. No mention is made of the third conclusion of law, nor of any of the conclusions of fact except those covered by the first and second conclusions of law. 2 Kan. App. 706.

I. It is argued by the defendants in error here that the Court of Appeals was justified in ignoring the third conclusion of law, and in considering only the specific reasons assigned by the court below for the invalidity of the two tax deeds. This contention cannot be sustained. Each conclusion of law is separate and independent; and the third conclusion was broad enough to cover any of the conclusions of fact by which it was supported. In *Blanchard v. Hatcher*, 40 Kan. 350, 352, the only conclusion of law was that "the defendant in error ought to recover costs"; and yet this Court reversed the judgment on the ground that this conclusion of law was not justified by the conclusions of fact. Certainly if a judgment of reversal is proper when the

1. Conclusions of law.

conclusions of fact do not justify such a conclusion of law, a reviewing court should not hesitate to affirm a judgment when such conclusion of law is properly drawn from the conclusions of fact.

II. The eighth conclusion of fact was as follows :

"The printer who printed the delinquent tax-lists for the taxes of the years 1885 and 1886 did not within 14 days after said publications were last made or at any time thereafter transmit to the treasurer an affidavit of such publication, but such affidavit of publication was in each instance transmitted directly by the printer to and filed in the office of the county clerk of said county within 14 days after the last publication by said printer ; and in each case his fee of 25 cents was included in the sum charged against said lands as costs and for which the land was sold."

Under the construction given by this Court to section 108 of the Tax Law (¶ 6957, Gen. Stat. 1889), both the tax deeds were voidable. *Fox v. Cross*, 39 Kan. 350 ; *Blanchard v. Hatcher*, supra ; *Jackson v. Challiss*, 41 id. 247, 257. The transmission of the affidavit of publication to the County Clerk within the time required by law to transmit it to the County Treasurer was not a compliance with said section 108, and did not justify the Treasurer in selling the land for a price including the 25 cents charged for the fee of the printer. In proceedings for the enforcement of tax liens upon real estate nothing can be considered an irregularity cured by section 139 of the Tax Law (¶ 6993, Gen. Stat. 1889), which substantially and intentionally increases the charge for which the land is sold. *Genthner v. Lewis*, 24 Kan. 309 ; *Hapgood v. Morten*, 28 id. 764, 767 ; *Harris v. Curran*, 32 id. 581, 588 ; *Ireland v. George*, 41 id. 751, 755. The fact that under section 121 of the tax law (¶ 6970, Gen. Stat.

2. Affidavit of publication not transmitted — printer's fee not chargeable.

1889) the County Clerk is the ultimate custodian of the affidavit of publication, together with all affidavits, notices and papers referring to the tax sale, does not dispense with the requirement of section 108 ; for unless the printer's affidavit be transmitted to the County Treasurer within the time required by law he is not authorized to include the advertising fee in the tax sale.   The amount of the charge upon the land is not affected by the filing of the Treasurer's affidavit with the Clerk, and the omission to file it may therefore be treated as an irregularity only under section 139. *Stout v. Coates*, 35 Kan. 382, 385.   The failure of the printer, however, to transmit his affidavit to the proper officer in due time materially affects the legal charge upon the land, and therefore cannot be treated as a mere irregularity.

The judgment of the Court of Appeals must therefore be reversed, and the judgment of the District Court in all things affirmed.

All the Justices concurring.