## J. R. Griffith v. Albert A. Richards.

**No. 11,949.**  ( 67 Pac. 846.)

### SYLLABUS BY THE COURT.

Taxation— *School Lands— Voidable Sale—Effect of Patent from State.*  The statute provides, relative to school lands:

"   .   .   .   Lands purchased under this act shall be subject to taxation as other lands; in case of non-payment of any taxes charged thereon the said lands may be sold as in other cases, but the purchaser at such sale shall be subject to all the conditions of the bond of the original maker and of the certificate of purchase."

Under this provision, where the land has been sold at such tax sale for an amount substantially greater than the taxes and costs legally chargeable thereon, such sale, being voidable, is not sufficient to cut off the rights of the holder of the school-land certificate and authorize the issuance of a patent to such land by the state to the holder of the tax-sale certificate.  And where a patent has been issued to the purchaser at such tax sale, the grantee therein will be decreed to hold the legal title of the land for the benefit of the owner of the school-land certificate and required to convey the same to such owner upon proper payment made on equitable principles.

Error from Sumner district court; W. T. McBride, judge.  Opinion filed February 8, 1902.  Reversed.

*W. F. Evans*, and *C. E. Elliott*, for plaintiff in error. *James Lawrence*, for defendant in error.

The opinion of the court was delivered by

Cunningham, J.:  This was an action brought September 13, 1889, by the plaintiff in error, to quiet his title to eighty acres of land in Sumner county, as against the defendant in error.  The defendant filed a cross-petition in ejectment and had judgment thereon in the court below.

The facts as found by the court are briefly as follows:  The land in controversy was school land, and

17—64 KAN.

had been purchased by one Richmond in 1879, who received a certificate of purchase thereof as provided by statute. Griffith held this certificate by assignment, and was at the time of the commencement of the action in possession of the real estate. He had made his payments to the state as provided in the certificate of purchase. The land was duly assessed for taxation for the year 1886. These taxes not having been paid, the land was placed upon the delinquent tax-list and advertised for sale. The publisher of the paper in which the advertisement was made failed to file in the office of the county treasurer an affidavit of such publication, as the law directs, within fourteen days after the last publication, whereby the fee for such publication, which was thirty cents, became uncollectible by him and no proper charge upon the land. At the tax sale in September, 1887, however, this excess charge was included in the amount for which the land was sold. A certificate of purchase at this sale was issued and by assignment became the property of Richards, who, on the 13th of June, 1889, made full payment of all the sums due to the state under the terms of the school-land certificate held by Griffith, and received from the county clerk of Sumner county a certificate of purchase as provided by law. This certificate was thereafter presented to the governor of the state of Kansas with the certification of the auditor of state thereon, as the law directs, and a patent for the land was issued to Richards. This constitutes the title under which he claimed in the action and by virtue of which he recovered.

This action has been to this court before (*Richards v. Griffith*, 57 Kan. 234, 45 Pac. 600), at which time the question settled by this court was that the patent held by Richards made him a *prima facie* case and

cast the burden of showing its invalidity, if it was
invalid, upon Griffith, and upon the subsequent trial,
Griffith, to establish such invalidity, showed that the
sale for taxes included the thirty cents overcharge, as
hereinbefore mentioned; so that the question now at
bar is, Was the tax sale of 1887 made so invalid by
this thirty cents excess charge that it failed to cut off
Griffith's interest held by him under his school-land
certificate of purchase, and insufficient to authorize
the issuance to Richards of the patent under which
he claimed?

By section 6354 of the General Statutes of 1901, re-
lating to sales of school lands, it is provided:

". . . Lands purchased under this act shall be
subject to taxation as other lands; and in case of
non-payment of any taxes charged thereon, the said
lands may be sold as in other cases, but the purchaser
at such sale shall be subject to all the conditions of
the bond of the original maker, and of the certificate
of purchase. . . ."

It is further provided in the same section, ". . .
such purchaser of said school lands shall be allowed
one year from the date of the certificate of sale of such
land for such taxes in which to redeem from such tax
sale. . . ."

It is claimed by Richards that by this tax sale and
Griffith's failure to redeem therefrom, he, Griffith, was
effectually cut off from all of his interest in the land
and the holder of the tax-sale certificate was substi-
tuted in his place and thus given the right to com-
plete the payments to the state and receive the patent
for the land.

We are thus called upon to determine what kind of
a sale must be had under the quoted provisions of
section 6354 in order to accomplish this object. It
must be admitted, of course, that the tax sale, by

reason of its being for thirty cents more than it should have been, was at least voidable. Several authorities hold it void. (*Fox v. Cross*, 39 Kan. 350, 18 Pac. 300; *Genthner v. Lewis*, 24 id. 309.) But whether void or voidable we think makes no difference in this case. Had this tax sale been for lands the title to which was complete in Griffith, it would not have served to cut off Griffith's title even after the execution of a tax deed perfectly valid on its face, if he had attacked such deed within the time allowed by law. (*Blanchard v. Hatcher*, 40 Kan. 350, 20 Pac. 15; *Fox v. Cross*, 39 id. 350, 18 Pac. 300; *Jackson v. Challiss*, 41 id. 247, 21 Pac. 87; *Moriarty v. Comm'rs of Morris Co.*, 52 id. 199, 34 Pac. 781; *Douglass v. Walker*, 57 id. 328, 46 Pac. 318.)

The quoted section of the statute says that these lands may be sold as in other cases, so that we are referred for rules and principles to guide in these sales to those which guide in other tax sales, and we see no reason why a more drastic rule should be applied. Griffith had an interest in this land by reason of his possession and holding under his certificate of purchase. It was not a fee simple title, but it was a substantial and valuable interest. That interest was not cut off by any tax sale less perfect than would have cut off the interest of a fee-simple owner. The statute contemplates that there should be such a sale of school lands as would in other cases be effectual to cut off the interest of such an owner. And no less perfect a sale would entitle the holder of the tax-sale certificate to step into the shoes of the school-land purchaser and authorize him to complete the purchase and receive the patent. The sale in question not being of this high character, the patent may be at-

tacked and its invalidity shown in a direct action for that purpose and within the proper time.

It will be borne in mind that this case was commenced by Griffith to set aside this patent long before Richards was entitled to receive a tax deed under the ordinary rules governing the issuance of such deeds.

It is insisted, however, that when this case was in this court before the question at issue was substantially settled in Richards's favor, and these words are quoted from the opinion in that case as sustaining this claim:

"There was no proof whatever as to the payment of taxes. If the taxes were not in fact paid, and if Richards in fact held a tax-sale certificate for the requisite time and paid the balance of the purchase-money, he was entitled to a patent which would absolutely cut off all interest of the plaintiff in the land."

It will be sufficient to remark that the point now under consideration was not presented to the court upon the former occasion, and the language used cannot be referred to the question now under consideration. The question then raised was, upon whom rested the burden of proof to show the validity or invalidity of Richards's patent, and the court, answering this question, then held that, inasmuch as Richards had a patent from the state regular upon its face, it devolved upon Griffith to show its invalidity. In passing, the court simply suggested that if Richards held a tax-sale certificate—that is, a tax-sale certificate sufficient in character and form—for a sufficient time, he would be entitled to receive the patent on payment made to the state. This is now, however, found not to be the case. His tax-sale certificate is found to be insufficient because based upon a voidable sale.

It is urged that the statute gives the holder of the school-land certificate but one year to redeem from the tax sale, and that the construction which we have given will enlarge this time and defeat the express provision of the law. The same might be said in other cases where the statute gives three years and until the tax deed is issued within which to redeem. Yet when such tax deed is held invalid for an infirmity in the sale, like that in the sale here being considered, the landowner is permitted to defeat the deed by practically redeeming from the sale on which it is based after the lapse of the time named in the statute.

Because of the infirmity in the tax sale upon which Richards's tax certificate was based, we are of the opinion that it was not sufficient to cut off Griffith's title and was insufficient to warrant the issuance of the patent to Richards, and that Griffith's title must be quieted as against such patent.

There remains a further question. Richards paid to the state the amount unpaid upon this school land, which was $296.70, and it is contended by Griffith that as this was a voluntary and unauthorized payment, Richards is not now entitled to recover it back, especially as Griffith had until 1904 in which to complete his payment to the state, and that Richards by his unauthorized interference ought not to be permitted to hasten Griffith's payment of this amount. We do not approve of either of these claims of the plaintiff in error. This is an equitable action. Griffith is asking that Richards be declared the trustee of the legal title of the land, holding the same for his benefit. Whatever relief is granted him ought to be done upon equitable principles. He permitted his taxes to become delinquent, and thus is responsible for all of this trouble. He ought not to be relieved except by

the payment in full of all sums paid by Richards to the state, with the interest thereon at the legal rate from the date of such payment, and also all taxes paid, the amount to be computed under the law as in other cases. When this is done, Richards should be required to convey the legal title of the land to him.

The judgment of the court below will be reversed, with instructions to hear evidence as to this amount, make the proper computations, and render judgment for the plaintiff in error in accordance with this opinion.

Johnston, Greene, Ellis, JJ., concurring.