ROBERT U. GRINSTEAD *et ux.* v. S. W. COOPER.
No. 15,449.   (95 Pac. 401.)

1. TAX DEEDS—*Excessive Consideration.* Where the consideration for a tax deed recorded less than five years included the printer's fee for printing the tax-sale notices, proof of publication not having been filed within the required time, the deed was void.

2. ——— *Defective Recitals—Invalid Deed.* Such deed was also void because it failed to recite for whom or for how much the land was bid off.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed April 11, 1908. Affirmed.

*I. P. Campbell, J. Graham Campbell,* and *Ray Campbell,* for plaintiffs in error.

*J. A. Brubacher,* for defendant in error.

*Per Curiam:* S. W. Cooper, having acquired the interest of the widow, A. Mary Franke, in the land, and also the mortgage which she and her husband had executed before his death, became vested with the legal and equitable title to an undivided half interest in the property. Robert U. Grinstead, who finally purchased the remaining half interest of the children, claims ownership of the whole through a tax deed executed in September, 1896, based on a sale for the taxes of 1892. The tax deed was of record less than five years

when it was attacked, and hence it is subject to a strict construction. Its omissions cannot be supplied by inference nor its defects cured by presumption. It appears that the consideration for which the deed was issued included a fee of ten cents per lot for printing the tax-sale notices, when proof of the publication had not been returned and filed with the county treasurer within the required time. This invalidated the tax deed. (*Douglass v. Walker*, 57 Kan. 328, 46 Pac. 318.) The final redemption notice included the printer's fee of ten cents per lot and the interest thereon computed to the last day of redemption. In the tax deed it was recited that the property was bid off by the county treasurer, but it failed to state for whom or for how much it was bid off, and this defect, having been challenged within the five-year period, is sufficient to overthrow the deed. (*Penrose v. Cooper*, 71 Kan. 720, 81 Pac. 489, 84 Pac. 115.)

There is nothing substantial in the questions of practice raised by plaintiffs in error. The judgment is affirmed.