Pierce v. Shelton.

---

No. 18,446.

M. E. PIERCE, *Appellant*, v. MAURICE C. SHELTON et al., *Appellees.*

SYLLABUS BY THE COURT.

1. ORDER OF DISMISSAL—*Set Aside at Same Term—Actual Notice — No New, Summons Necessary.* An order of dismissal may be set aside and the cause reinstated without the service of a new summons where the order of reinstatement is made at the same term and while the counsel for the opposite party is present in court and has actual notice of the application.

2. QUIETING TITLE — *Tax Deed — Insufficient Consideration — Invalid.* A tax deed, the validity of which was challenged before the five-year statute of limitations had run in its favor,

was issued for an insufficient consideration and for an amount which did not correspond with that named in the notice of redemption, and is therefore invalid.

3. SAME—*Possession a Material Issue in Action to Quiet Title.* Possession by the plaintiff is a material issue in a statutory action to quiet title to land, and in this action it is held that the proof produced showed a sufficient possession as against the claims of the defendant.

Appeal from Finney district court; WILLIAM .H. THOMPSON, judge. Opinion filed November 14, 1914. Affirmed.

*Richard J. Hopkins,* of Garden City, for the appellant.

*B. F. Stocks,* of Garden City, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: On August 18, 1910, M. E. Pierce brought an action against Maurice C. Shelton and his wife to quiet her title to a tract of land in Finney county. The Sheltons filed an answer and cross-petition, alleging ownership of the land and also the payment, on July 18, 1910, of all delinquent taxes assessed against the tract. On June 14, 1911, the court, on motions filed by both parties, dismissed the action, but three days later the Sheltons moved to reinstate the cross-petition and the action, and this motion was allowed over the objection of Pierce. On the trial it was decided that the tax deed on which Pierce relied was irregular and invalid, and that the Sheltons were the owners of the land and held possession of the same when the proceeding was commenced, and thereupon judgment was given quieting their title to the land. From this judgment Pierce appeals.

There was an objection that the case was reinstated without summons or the service of any notice upon the appellant. It appears that counsel for the appellant were in the court when the motion to reinstate was made, and therefore they not only had actual notice

Pierce v. Shelton.

of the proceeding but participated in it. While the case was placed upon trial at once there was no application by appellant for delay nor any claim that she was not ready for trial at that time. There is power in the court to reinstate a case that has been dismissed, providing it is done at the same term at which the order of dismissal was entered. (*The State v. Hughes,* 35 Kan. 626, 12 Pac. 28, 57 Am. Rep. 195; *The State, ex rel., v. Sowders,* 42 Kan. 312, 22 Pac. 425; *Barney v. Ferguson,* 84 Kan. 587, 114 Pac. 1055; 7 Standard Proc. 689.) Whether such an application will be granted is largely within the discretion of the court, and as the reasons for dismissal or for reinstatement are not set out in the record it can not be said that the discretion exercised was abused.

The appellees, in their cross-petition, alleged that they owned the land and held possession of it. The testimony tended to show title in them unless it was defeated by the tax deed which had been issued to appellant. It is contended, however, that possession is an essential issue in an action to quiet title, and that appellees failed to show that they had such possession of the land as warranted them in maintaining the action. Possession is a material issue in a statutory action to quiet title, but it appears that some proof of possession in appellees was produced. First, they had the record title, and there is no contention that appellant ever acquired possession of the land or exercised any control over it. In fact, her tax deed was not executed until September 6, 1910. It appears that the land was occupied by Evans Brothers as a pasture under an agreement made by the agent of appellees. It was enclosed by a fence with other lands of Evans Brothers, and they paid rent to appellees in the early part of 1911, the last payment being on April 10 of that year. This was a sufficient possession as against the claims of appellant. (*Hoffman v. Woods,* 40 Kan. 382, 19 Pac. 805.)

The tax deed upon which appellant relied was rightly held to be invalid. Having been issued less than a year prior to the trial it was subject to attack for irregularities or defects. It appears that the land was sold in 1907 for the taxes in 1906 for a consideration of $3.32. Although three years elapsed before the deed was executed and additional charges had accumulated, the consideration named in the deed was $3.32, the amount for which it had been sold. In the redemption notice it is stated that the amount necessary to redeem was $3.82. The county treasurer, who was a witness and had with him the books and records of his office, testified that the real consideration and the amount actually due on the land was $4.81. As the conveyance was made for an insufficient consideration the deed must be held invalid. (*Douglass v. Lowell,* 60 Kan. 239, 56 Pac. 13.) It appears, too, that there was included in the amount for which the land was sold a printer's fee which was in excess of that authorized by the statute. As the tax deed has been overthrown on account of the defects mentioned, it is unnecessary to consider other objections urged against its validity.

The judgment of the district court will be affirmed.