No. 31,881

ELYMUS N. MARTIN (Revived in the Name of George H. Martin) et al., *Appellees,* v. W. A. CUNDELL, *Appellant.*

(38 P. 2d 100)

Opinion filed December 8, 1934.

*J. M. Pleasant,* of El Dorado, for the appellant.
*K. M. Geddes* and *Stanley Taylor,* both of El Dorado, for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action to quiet title, the petition alleging that defendant claimed some interest in the real estate involved. The defendant answered claiming title and right of possession under certain tax deeds, but asked that in event plaintiff prevailed he have judgment for taxes paid with interest, as a first lien. Plaintiff's reply, so far as need be noticed here, alleged that the attempted sale for taxes and the tax deeds were void, and tendered to defendant the amount of taxes paid with interest and incidental expense.

The trial court heard the evidence on November 16, 1933, and found for plaintiff, giving defendant a first lien for the taxes paid by him. Defendant's motion for a new trial was denied, and he appeals.

The defendant relied on two tax deeds covering two descriptions,

which, together, constituted the lands described in plaintiff's petition. As these deeds cover taxes for identical periods and were both issued on October 29, 1932, and as the facts pertaining to one apply to the other, they need not be separately noticed. Each deed states that the property described was subject to taxation for the year 1928, and that the taxes assessed remained due and unpaid, and on October 28, 1929, pursuant to notice given, the property was bid off in the name of the county for the sum of $10.56, "being the whole amount of taxes and charges then , due and remaining unpaid thereon."

It was shown by the deputy county treasurer that each of the tracts covered by the tax deeds was sold for $10.56, made up of "the original tax for the half or full year, whichever it might be, plus five cents interest and twenty-five cents advertising fee." He also produced the published notice of the delinquent tax sale to be held October 28, 1929, with the printer's affidavit attached. There was no filing mark on this document, and there was no other affidavit that he knew of. The county clerk testified he had searched his office and could find no publication notice of this particular delinquent tax sale. An examination of this notice and the affidavit attached shows it was published September 26, October 3, October 10 and October 17, 1929. It was sworn to November 4, 1929, and consequently could not have been transmitted to the county treasurer prior thereto. R. S. 79-2304 provides that every printer who shall publish such notice shall, immediately after the last publication, transmit to the county treasurer an affidavit of such publication, "and no printer shall be paid for such publication who shall fail to transmit such affidavit within fourteen days after the last publication," etc., and R. S. 79-2318 provides for filing the above and other documents in connection with the sale with the county clerk. From the statements in the affidavit produced it appears that the same should have been transmitted on or before October 31, 1929, and that it was not done.

In *Grinstead v. Cooper,* 77 Kan. 778, 95 Pac. 401, it was held that—

"Where the consideration for a tax deed recorded less than five years included the printer's fee for printing the tax-sale notices, proof of publication not having been filed within the required time, the deed was void." (Syl. ¶ 1.)

And see, also, *Fox v. Cross,* 39 Kan. 350, 18 Pac. 300, and *Douglass v. Walker,* 57 Kan. 328, 46 Pac. 318.

Here the affidavit was not transmitted in time, the printer was not entitled to his pay and the inclusion of the cost of publication in the amount of the sale was erroneous, and the deed, having been attacked within five years, was voidable. (*Pierce v. Shelton,* 93 Kan. 189, 144 Pac. 219; *Upham v. Cheeseman,* 123 Kan. 59, 254 Pac. 404.)

It is not necessary to discuss the question of whether it was or was not proved that the county treasurer posted notices of sale as required by statute, nor the effect of a memorandum on a receipt for taxes paid by plaintiff that there were back taxes on the lands covered. The tax deeds were voidable on account of the wrongful inclusion of the advertising fees, and whether the trial court agreed or disagreed with appellant's contention about the posting of notices and the effect of the notation makes no difference.

The judgment of the trial court is affirmed.