No. 36,853

RUTH G. PEARCY, *Appellee*, v. JOHN S. WILLIAMS and HENRY V. WILLIAMS, *Appellants.*

(183 P. 2d 243)

KARL MILLER, judge. Opinion filed July 12, 1947.

*E. C. Minner,* of Dodge City, and *David J. Wilson,* of Meade, were on the briefs for the appellants.

*Fred Hinkle,* of Wichita, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action to set aside a tax deed and recover possession of certain real estate held by the defendants under claim of title based on such instrument. Judgment was for plaintiff, and defendants appeal.

The facts essential to an understanding of the controversy can be briefly stated. Plaintiff, the owner of a quarter section of land in Meade county, permitted the taxes assessed against it to become delinquent and it was bid in by the county treasurer in the name of the county under authority of G. S. 1935, 79-2325, from 1931 to 1939, inclusive. September 4, 1940, the county clerk attempted to convey the real estate by tax deed to the defendants who, immediately after delivery of such instrument, in some manner not disclosed by the record but concededly without the consent or acquiescence of the plaintiff, took over and now retain possession thereof. August 4, 1945, plaintiff commenced this action to set aside the deed and recover possession. She based her right to the relief sought by her upon several grounds, only one of which need be related here. With respect to it her petition reads:

"That in each consecutive year from 1931 to 1939, inclusive, the County Treasurer of Meade county, Kansas, caused to be published in the Meade *Globe News* a notice of the delinquent tax list including the delinquent taxes upon the above described real property, and publication notice of the sale of the above described real property to be held at Public Auction at the Office of the County Treasurer, aforesaid, pursuant to Chapter 162 of the Session Laws of the State of Kansas for the year 1891, and that in each consecutive year there was charged against the above described real property a printer's fee in approximately the sum of thirty cents ($.30) for each consecutive year for the benefit of the Meade *Globe News* or the owners or printers thereof for the publication of the said delinquent tax sale notice. That the Meade *Globe News* was a newspaper published during the aforesaid years in the City of Meade in the County and State aforesaid, which was of general circulation in the said County during the said time, and that the printer of the Meade *Globe News,* whose name is to the pleader unknown, unlawfully neglected and unlawfully failed within fourteen days after the last publication of the said notice in each consecutive year to execute an affidavit of publication and attach thereto the said publication notice and transmit and file the same in the Office of the County Treasurer of Meade county, Kansas, the affidavit of such publication, and the said printer, as aforesaid, wholly failed during each and every one of the aforesaid, consecutive years to transmit and file such affidavit of publication in the Office of the County Treasurer of Meade county, Kansas, in accordance with a 1935 General Statutes of Kansas, 79-2304, all of which makes the said tax deed thereafter executed

and delivered to the aforesaid defendants, and for which a printer's fee was charged, as aforesaid, as part of the consideration therefor, wholly ineffective and invalid and void, and that the said tax deed by reason of the aforesaid, failed to convey and pass title in and to the above described real property, to the said defendants."

The trial court, after hearing the evidence, made commingled findings of fact and conclusions of law. The all-important one for purposes of this appeal reads:

"1. That the Tax Deed issued by the County of Meade, in the State of Kansas, to the defendants, John S. Williams and Henry V. Williams, on the fourth day of September, 1940, conveying to them the land described, as aforesaid, which was signed and acknowledged by George W. Wehrle, County Clerk of Meade county, Kansas, is invalid and of no effect and should be set aside, cancelled and held for naught for the following reasons to-wit:

"a. That for each consecutive year from the year 1931 to the year 1939, inclusive, neither the printer nor anyone in his behalf who published the tax sale notices advertising for sale for taxes the land herein described, did within fourteen days after the last publication of such notice, transmit to the County Treasurer of Meade county, Kansas, an affidavit of such publication made by such person to whom the fact of publication was known as is provided in 1935 G. S. 79-2304, and that notwithstanding the failure and neglect of the printer, as aforesaid, to file such affidavit of publication within the fourteen days, as aforesaid, the printer who printed the tax sale notices advertising for sale for taxes the land herein described for each consecutive year from 1931 to 1939, inclusive, as aforesaid, was paid for the printing of each such publication notice.

"b. That for such consecutive years from 1931 to 1939, inclusive, there was charged by the County of Meade, in the State of Kansas, as a part of the consideration for the Tax Deed, aforesaid, which was ultimately issued to the defendants, as aforesaid, the sum of Twenty-five (25 cents) Cents as a printer's fee in each year, an aggregate of which was Two and 25/100ths ($2.25) Dollars, as provided in 1935 G. S. 28-137, all of which sum was unlawfully included in the charge made for the said Tax Deed and in determining the amount which the plaintiff could have redeemed the property from the sale for taxes.

"c. That the printer who printed the tax sale publication notices, as aforesaid, pursuant to 1935 G. S. 79-2304 for the years 1931 to 1939, inclusive, as aforesaid, wholly neglected and failed to execute an affidavit of publication and attach the same to the said publication notice and transmit and file the same in the office of the County Treasurer of Meade county, Kansas, within fourteen days after the last publication of the said notices in each consecutive year, as aforesaid, but, as aforesaid, and notwithstanding the same, he was paid for such publication, all of which was in violation of 1935 G. S. 79-2304."

Based upon the foregoing finding the court then rendered judgment setting aside the tax deed and granting plaintiff immediate possession of the real estate. It also rendered judgment, predicated upon other findings, directing the plaintiff to pay the clerk of the

court the sum of $2,546.48, the balance found by it to be due defendants after an accounting for rents and profits, for taxes paid and improvements placed on the land, but matters pertaining to that phase of the decree are not involved and require no further mention because appellants' sole contention here is that the evidence adduced by the appellee in the court below was insufficient to justify the finding that the provisions of G. S. 1935, 79-2304, were not complied with.

Before giving consideration to the issue raised by the appeal it is well to have clearly in mind the pertinent provisions of the section of the statute (G. S. 1935, 79-2304) upon which, in view of the finding heretofore quoted, the trial court based its judgment. They read:

"Every printer who shall publish such list and notice shall immediately after the last publication thereof transmit to the treasurer of the proper county an affidavit of such publication, made by such person to whom the fact of publication shall be known; and no printer shall be paid for such publication who shall fail to transmit such affidavit within fourteen days after the last publication. . . ."

That failure of the printer, publishing the delinquent tax list, to transmit an affidavit of its publication to the county treasurer within fourteen days as required by quoted provisions of the foregoing section of the statute makes a tax deed of record less than five years voidable when the consideration for that deed includes the printer's fee for printing the tax sale notice is the established law of this state. (See *Fox v. Cross*, 39 Kan. 350, 18 Pac. 300; *Blanchard v. Hatcher*, 40 Kan. 350, 20 Pac. 15; *Jackson v. Challiss*, 41 Kan. 247, 21 Pac. 87; *Douglass v. Walker*, 57 Kan. 328, 46 Pac. 318; *Grinstead v. Cooper*, 77 Kan. 778, 95 Pac. 401; *Martin v. Cundell*, 140 Kan. 635, 38 P. 2d 100.)

We turn now to the issue—conceded by appellants to be the only one presented for appellate review—is the trial court's finding sustained by the evidence? In our consideration of the question, factual conclusions made by that tribunal cannot be disturbed if supported by substantial competent evidence. The rule, established by this court in a long and unbroken line of decisions, is that where a trial court makes a finding of fact our only function on appeal is to ascertain whether there is substantial competent evidence supporting, or tending to support, the finding as made, and not whether some evidence appears in the record which would have supported a contrary finding had the trial court seen fit to make one (*In re*

*Estate of Walker,* 160 Kan. 461, 163 P. 2d 359; *Irwin v. Irwin,* 162 Kan. 185, 174 P. 2d 1021; *Davis v. Davis,* 162 Kan. 701, 702, 178 P. 2d 1015; *Arnette v. Arnette,* 162 Kan. 677, 681, 178 P. 2d 1019).

In supporting their position appellants first contend there is no evidence to show that a printer's fee was actually charged against the sale or sales of the real estate in question. The point is not well taken. So far as the sale for the year 1931 is concerned the record shows the county treasurer testified a printer's fee was included in the amount of the bid for that year. In addition the parties stipulated the land involved was bid in by the county treasurer at tax sales and that the county records in that office showed that 30 cents was included in the amount of the bid for the years 1931, 1933, and 1935 to 1939, inclusive, under a column in such records headed "Fees of Treasurer and Printer." This evidence coupled with the fact that under the statute (G. S. 1935, 28-104) legal fees of the treasurer in connection with such sale could not equal the amounts charged for the sale under such heading is sufficient to sustain the trial court's finding of fact a printer's fee was charged by the county and included as a part of the consideration for the tax deed.

Appellants next contend the evidence was not sufficient to sustain the finding of noncompliance with the provisions of G. S. 1935, 79-2304. This contention requires a review of pertinent testimony having to do with that subject.

Opal Painter, county treasurer of Meade county at the time of the trial, testified in substance as follows: That for two mornings and one whole day she had made an exhaustive search of the records in her office for proofs of publication of the delinquent real estate tax sales had by Meade county for the years 1931 to 1939, inclusive, including affidavits of publication by the printer and had failed to find any instruments of that character whatsoever.

Bertha Martin, the then county clerk of Meade county, also testified as a witness. Summarized, her testimony was that she had searched her office for proofs of delinquent tax sale notices for the years 1931 to 1939, inclusive, and had there found in the county printing file proofs of publication for 1931, 1937, 1938 and 1939. When asked if such instruments disclosed a filing mark or anything evidencing that they had been filed in the office of the county treasurer she answered "no." This witness was then requested to go back to the courthouse and make a further search of

her office. Later she was recalled and stated that although she had looked in every place she could think of she was unable to find any more affidavits of publication or other documents of like character.

Kathleen Carmichael, who was treasurer of Meade county from July 19, 1943, to October, 1945, was also called to the witness stand. She was handed the publication notices found by Bertha Martin in the county clerk's office and then asked if while she was county treasurer she had ever found or seen any such notices in that office. She replied "no legals of any kind have I ever found in the county treasurer's office." Counsel for appellee then inquired "what do you mean by legals"? To this inquiry she responded "well, no publication notice of any kind."

Finally, Ray Stegman was produced as a witness. He stated he served as deputy county treasurer of Meade county from August, 1937, to January, 1941, working under his brother who then held that office, and that during such period of time he helped make up the tax sales lists and get them ready for publication. Specific interrogations propounded to him and answers made by him in response thereto read:

*Direct Examination—*

"Q. Now, Mr. Stegman, do you recall whether or not within 14 days after the last notice was published, the printer who published it brought back to the County Treasurer's office an affidavit of publication and filed it in the office of the County Treasurer? A. The affidavit of publication was never filed in the Treasurer's Office.

"Q. Your answer is that the affidavit with publication notice of delinquent tax sale never was filed in the County Treasurer's office? A. We never had anything filed from the printer.

"Q. Was that true each consecutive year from 1937 to 1940, inclusive? A. Yes."

*Cross-examination—*

"Q. You stated previously in your testimony that the printer did not file an affidavit of publication. How are you positive of that Ray? A. All during the years we kept files. Never a printer's affidavit was filed in that office.

"Q. What impresses on your mind the fact that this affidavit was not filed Ray? A. Well, I just remembered that we never had anything the printer filed; we never had anything to do with it after it was published.

"Q. You would say you don't recall it being filed? A. Well, I am quite positive it was never filed in the office of the Treasurer, because I had access to all records at all times.

"Q. Do you remember taking any specific list in 37-38 to the printer? A. I remember taking a list to the Meade Globe News.

"Q. You are certain, even though it occurred that long ago, that it wasn't filed? A. I am positive.

"Q. Yet, you can think back 8 years and be sure it wasn't filed. A. Yes, I know it wasn't filed.

"Q. You don't recall transferring any papers from your office to the Clerk's office? A. None that I know of.

"Q. If any papers were transferred or required by law you have forgotten and do not recall them? A. As I recall, there wasn't anything to be transferred."

We now note arguments advanced by appellants as grounds for reversal of the judgment. First, they urge the record discloses that some proofs of publication, four to be exact, were found in the office of the county clerk. So what? Mere filing of the notices in the clerk's office does not satisfy the requirements of the statute.

In *Douglass v. Walker*, 57 Kan. 328, 46 Pac. 818, we held:

"A tax deed including a fee for printing the sale notice is voidable if the printer's affidavit of publication was not transmitted to the county treasurer within 14 days after the last publication, although it was transmitted to and filed in the office of the county clerk within that time." (Syl. ¶ 2.)

Suppose proofs of publication for the years 1931 to 1939, inclusive, had been found in that office in the exact condition the four were in when adduced in evidence. That would not constitute proof they had first been transmitted to the county treasurer. If anything, it gives rise to an inference that the printer disregarded the statute and filed his proofs of publication with the wrong officer.

Next it is suggested the witness Stegman must have been mistaken in his testimony because some such proofs were found in the clerk's office. What has just been stated demonstrates the suggestion lacks merit. Besides it is not our province to weigh the evidence.

Another argument is there is no proof the printer was ever paid the fee. We concede a careful examination of the record reveals little, if any, evidence to sustain the portion of the trial court's conclusion holding the involved publication fees were actually paid to the printer. Even so, the finding is not to be set aside as erroneous on that account. It is the inclusion of an illegal printer's fee in the deed, not its payment, which makes the deed voidable. That was

determined in the early case of *Fox v. Cross*, 39 Kan. 350, 18 Pac. 300, where it was held:

"One of the provisions of the tax law is, that the printer who publishes the notice of sale of real estate for delinquent taxes shall, immediately after the last publication thereof, transmit to the county treasurer an affidavit of such publication; and that no printer shall be paid for the publication who fails to transmit such affidavit within fourteen days after the last publication is made; and where the proof of publication is not transmitted within the prescribed time, the fee for such publication is not a county liability, nor does it become a charge against the real estate; and to include such illegal charge in the amount for which the property is sold, will vitiate the tax sale." (Syl.)

To the same effect are *Blanchard v. Hatcher*, 40 Kan. 350, 20 Pac. 15; *Jackson v. Challiss*, 41 Kan. 247, 21 Pac. 87; *Grinstead v. Cooper*, 77 Kan. 778, 95 Pac. 401; *Martin v. Cundell*, 140 Kan. 635, 38 P. 2d 100.

Finally, it is urged a tax deed, sufficient in form, is prima facie valid, and it is then argued that because the only evidence to establish the proofs of publication were not transmitted by the printer to the county treasurer is failure to find them in that office, such evidence is insufficient to overcome the prima facie showing of validity arising from introduction of the deed in evidence. That such a deed is prima facie evidence of its validity must be conceded, but it does not follow appellants' conclusion as to the force and effect of appellee's evidence is justified. In the first place, there is testimony (Stegman's) which, if believed, is properly susceptible of a construction the printer's affidavits were not transmitted to the county treasurer for some of the years in question. Next, it must be remembered we have held that until a tax deed is five years old it is not entitled to the aid of judicial presumptions and inferences.

In *Perkins v. Berry*, 104 Kan. 104, 177 Pac. 530, we said:

"It is also contended that plaintiff's deed had no such prima facie infirmity as to render it void. He contends that the inference should be indulged that the lots were bid off in the name of Cherokee county, since the deed recited that they were bid off by the county treasurer. But it must be borne in mind that until a tax deed is five years old it is not entitled to the aid of presumptions and inferences so frequently invoked by the courts to effectuate justice, to accomplish equitable results. (*Grinstead v. Cooper*, 77 Kan. 778, 95 Pac. 401). Until a tax deed is five years old, equity leans the other way; it inclines to favor the lawful owner of the property, and all righteous judicial tendencies unconstrained by positive statutes are against forfeitures. Moreover, this is no injustice to persons in plaintiff's situation. The legislature has provided a most liberal compensation for temporary investors in tax titles —twelve percent per annum on their investments. (Gen. Stat. 1915, § 11457.)" (p. 106.)

So, also, with direct application to appellants' argument, it was held in *Morrill v. Douglass*, 14 Kan. 293:

"Where notices, affidavits, etc., are directed to be preserved in a particular office, a failure to find them there raises a presumption that no such documents ever existed; but this presumption is by no means conclusive." (Syl. ¶ 6.)

See, also, *Graden v. Mais*, 77 Kan. 702, 95 Pac. 412, where in disposing of a similar contention with respect to the weight to be given an administrator's deed, we said:

"If, however, the statute should be interpreted to mean that an administrator's deed is prima facie evidence of the validity of the entire proceeding upon which it is based, it would do no more than dispense with an appeal to the record in the first instance. Whenever the record is produced it must control. If it should be shown that the required record is destroyed or has been lost, then, in the absence of secondary evidence, the presumption attending the deed might be allowed to prevail, as in the case of *Morrill v. Douglass*, 14 Kan. 293, 304. But when the complete record is offered in evidence it proves what steps essential to jurisdiction were in fact omitted as well as what steps were in fact taken. It establishes the fact that nothing was done except what it shows, and that whatever it shows to have been done was done in the manner it shows." (p. 704.)

When all of the evidence, to which we have heretofore referred, is tested by the rule precluding us from weighing testimony and requiring us to uphold a finding of fact if it is supported by substantial and competent evidence we have little difficulty in concluding the trial court's finding that the involved printer's proofs of publication were not transmitted to the county treasurer as required by G. S. 1935, 79-2304 must be upheld. Failure to comply with that requirement, coupled with inclusion of printer's fees, makes appellants' tax deed voidable. It necessarily follows the judgment of the trial court must be sustained.

In reaching the conclusion just announced we have not failed to give consideration to appellants' contention the facts in the case at bar are similar to those existing in *Morrill v. Douglass*, supra, and *Lyle v. Raynolds*, 112 Kan. 365, 210 Pac. 269, upholding the validity of tax deeds there involved. We do not agree. Examination of the opinions in those cases reveals the judgments in the courts below were predicated upon factual situations disclosing loss or destruction of the county records whereas there is nothing of that nature involved here. A case nearer, if in fact not actually, in point factually is *Jackson v. Challiss*, supra. There we approved a judgment, based upon facts almost identical, holding the printer's af-

fidavit of publication had not been transmitted to the county treasurer and that failure to comply with the requirements of the statute in that respect made a tax deed voidable.

The judgment is affirmed.

HOCH, J., not participating.